1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone: (213) 430-3400
12  Facsimile: (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-4011-CRB
                                       )
21  _This document relates to_         )
                                       )   **PFIZER INC., PHARMACIA**
22  HAKIM CHAUDRY, et al.,             )   **CORPORATION, AND G.D.**
                                       )   **SEARLE LLC'S ANSWER TO**
                                       )   **COMPLAINT**
23              Plaintiffs,            )
                                       )   **JURY DEMAND ENDORSED**
24         vs.                         )   **HEREIN**
                                       )
25  PFIZER, INC., PHARMACIA CORPORATION, )
    G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), )
26  and DOES 1 through 100,            )
                                       )
27              Defendants.            )
                                       )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3   ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4   ("Complaint"), and would respectfully show the Court as follows:

5   **I.**

6   **PRELIMINARY STATEMENT**

7   The Complaint does not state in sufficient detail when Plaintiffs and Decedents were

8   prescribed or used Bextra® (valdecoxib) ("Bextra®") and Celebrex® (celecoxib)

9   ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek

10  leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs

11  and Decedents were prescribed and used Bextra® and Celebrex®.

12  **II.**

13  **ANSWER**

14  Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15  Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

16  that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in

18  the United States to be prescribed by healthcare providers who are by law authorized to

19  prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during

20  certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle,

21  which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the

22  United States to be prescribed by healthcare providers who are by law authorized to prescribe

23  drugs in accordance with their approval by the FDA. Defendants state that Bextra® and

24  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

25  prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®

26  were and are adequately described in their FDA-approved prescribing information, which was

27  at all times adequate and comported with applicable standards of care and law. Defendants

28  deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiffs' used Celebrex®, and, therefore, deny the same.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in

2    this paragraph of the Complaint.

3    5.      Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

5    citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

6    sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

7    regarding and whether Plaintiff used Bextra® and Celebrex®, and, therefore, deny the same.

8    Defendants deny that Bextra® or Celebrex® caused Plaintiff injury or damage and deny the

9    remaining allegations in this paragraph of the Complaint.

10   6.      Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12   citizenship, and, therefore, deny the same.  Defendants are without knowledge or information

13   sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

14   regarding and whether Plaintiff used Bextra® and Celebrex®, and, therefore, deny the same.

15   Defendants deny that Bextra® or Celebrex® caused Plaintiff injury or damage and deny the

16   remaining allegations in this paragraph of the Complaint.

17   7.      Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

19   and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants

20   are without knowledge or information sufficient to form a belief as to the truth of the

21   allegations in this paragraph of the Complaint regarding and whether Decedent used

22   Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or

23   Decedent injury or damage and deny the remaining allegations in this paragraph of the

24   Complaint.

25   8.      Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

27   and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants

28   are without knowledge or information sufficient to form a belief as to the truth of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   allegations in this paragraph of the Complaint regarding and whether Decedent used

2   Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or

3   Decedent injury or damage and deny the remaining allegations in this paragraph of the

4   Complaint.

5   9.      Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

7   and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same. Defendants

8   are without knowledge or information sufficient to form a belief as to the truth of the

9   allegations in this paragraph of the Complaint regarding and whether Decedent used

10  Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or

11  Decedent injury or damage and deny the remaining allegations in this paragraph of the

12  Complaint.

13  10.     Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

15  and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same. Defendants

16  are without knowledge or information sufficient to form a belief as to the truth of the

17  allegations in this paragraph of the Complaint regarding and whether Decedent used

18  Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or

19  Decedent injury or damage and deny the remaining allegations in this paragraph of the

20  Complaint.

21  11.     Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

23  and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same. Defendants

24  are without knowledge or information sufficient to form a belief as to the truth of the

25  allegations in this paragraph of the Complaint regarding and whether Decedent used

26  Celebrex®, and, therefore, deny the same. Defendants deny that Celebrex® caused Plaintiff or

27  Decedent injury or damage and deny the remaining allegations in this paragraph of the

28  Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   12.    Defendants are without knowledge or information sufficient to form a belief as to the

2   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

3   and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants

4   are without knowledge or information sufficient to form a belief as to the truth of the

5   allegations in this paragraph of the Complaint regarding and whether Decedent used

6   Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or

7   Decedent injury or damage and deny the remaining allegations in this paragraph of the

8   Complaint.

9   13.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

11  and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants

12  are without knowledge or information sufficient to form a belief as to the truth of the

13  allegations in this paragraph of the Complaint regarding and whether Decedent used

14  Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or

15  Decedent injury or damage and deny the remaining allegations in this paragraph of the

16  Complaint.

17  14.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

19  and, and whether Plaintiff is the heir of Decedent, and, therefore, deny the same.  Defendants

20  are without knowledge or information sufficient to form a belief as to the truth of the

21  allegations in this paragraph of the Complaint regarding and whether Decedent used

22  Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff or

23  Decedent injury or damage and deny the remaining allegations in this paragraph of the

24  Complaint.

25  15.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs are the

27  heirs of Decedents, and, therefore, deny the same.  Defendants are without knowledge or

28  information sufficient to form a belief as to the truth of the allegations in this paragraph of the

1    Complaint regarding and whether Decedents used Bextra® and Celebrex®, and, therefore, deny

2    the same.  Defendants deny that Bextra® and Celebrex® caused Plaintiffs or Decedents injury

3    or damage and deny the remaining allegations in this paragraph of the Complaint.

4    16.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

5    business in New York.  Defendants admit that, as the result of a merger in April 2003,

6    Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

7    of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

8    are without knowledge or information sufficient to form a belief as to the truth of such

9    allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

10   time, Pfizer marketed and co-promoted Bextra® and Celebrex® in the United States, including

11   California, to be prescribed by healthcare providers who are by law authorized to prescribe

12   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

13   allegations in this paragraph of the Complaint.

14   17.    Defendants admit that Searle is a Delaware limited liability company with its principal

15   place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

16   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

17   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

18   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

19   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

20   providers who are by law authorized to prescribe drugs in accordance with their approval by the

21   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   18.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

23   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

24   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

25   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

26   Bextra® and Celebrex® in the United States, including Connecticut, Texas, Utah, Mississippi,

27   Missouri, Utah, New York, Washington, and California, to be prescribed by healthcare

28   providers who are by law authorized to prescribe drugs in accordance with their approval by the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    19.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

4    providers who are by law authorized to prescribe drugs in accordance with their approval by the

5    FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

6    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

7    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

8    providers who are by law authorized to prescribe drugs in accordance with their approval by the

9    FDA.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a

10    merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants deny

11    the remaining allegations in this paragraph of the Complaint.

12    20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

13    towards Defendants and, therefore, no response is required.  To the extent that a response is

14    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

15    allegations in this paragraph of the Complaint.  Defendants lack knowledge or information

16    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

17    21.    Defendants state that this paragraph of the Complaint contains legal contentions to

18    which no response is required.  To the extent that a response is deemed required, Defendants

19    state that the allegations in this paragraph of the Complaint are not directed towards Defendants

20    and, therefore, no response is required.

21    22.    Defendants state that the allegations in this paragraph of the Complaint are not directed

22    towards Defendants and, therefore, no response is required.  To the extent that a response is

23    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

24    allegations in this paragraph of the Complaint.  Defendants lack knowledge or information

25    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

26    23.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

27    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

28    providers who are by law authorized to prescribe drugs in accordance with their approval by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

2   manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

3   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

4   providers who are by law authorized to prescribe drugs in accordance with their approval by the

5   FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

6   in accordance with their FDA-approved prescribing information.  Defendants state that the

7   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

8   approved prescribing information, which was at all times adequate and comported with

9   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10  remaining allegations in this paragraph of the Complaint.

11  24.    Defendants state that the allegations in this paragraph of the Complaint regarding

12  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

13  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

14  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  **<u>Response to Allegations Regarding Jurisdiction and Venue</u>**

16  25.    Defendants are without knowledge or information to form a belief as to the truth of the

17  allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

18  in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

19  that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

20  interests and costs.

21  26.    Defendants are without knowledge or information to form a belief as to the truth of the

22  allegations in this paragraph of the Complaint regarding the judicial district in which the

23  asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Bextra®

24  and Celebrex® were and are safe and effective when used in accordance with their FDA-

25  approved prescribing information.  Defendants deny committing a tort in the States of

26  Mississippi, Connecticut, Missouri, Utah, Texas, New York, Washington, or California and

27  deny the remaining allegations in this paragraph of the Complaint.

28  27.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

and co-promoted Bextra® and Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the State of California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the States of Texas, Connecticut, Utah, Mississippi, Missouri, New York, and California, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

28.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

29.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit, as indicated in the package insert

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

2   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

3   dysmenorrhea.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia

4   marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by

5   healthcare providers who are by law authorized to prescribe drugs in accordance with their

6   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® and

7   Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed,

8   co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by

9   healthcare providers who are by law authorized to prescribe drugs in accordance with their

10  approval by the FDA.  Defendants state that Bextra® and Celebrex® were and are safe and

11  effective when used in accordance with their FDA-approved prescribing information.

12  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately

13  described in their FDA-approved prescribing information, which was at all times adequate and

14  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

15  and deny the remaining allegations in this paragraph of the Complaint.

16  30.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

18  providers who are by law authorized to prescribe drugs in accordance with their approval by the

19  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

20  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

21  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

22  providers who are by law authorized to prescribe drugs in accordance with their approval by the

23  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

24  in accordance with their FDA-approved prescribing information.  Defendants state that the

25  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28  remaining allegations in this paragraph of the Complaint.

1    31.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

2    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

3    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Plaintiffs fail to

4    provide the proper context for the remaining allegations in this paragraph of the Complaint.

5    Defendants lack knowledge or information sufficient to form a belief as to the truth of such

6    allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

7    paragraph of the Complaint.

8    32.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

9    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

10   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

11   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

12   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

13   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

14   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

15   paragraph of the Complaint.

16   33.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

17   used in accordance with their FDA-approved prescribing information.  Defendants state that the

18   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

21   Bextra® or Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs or

22   Decedents injury or damage, and deny the remaining allegations in this paragraph of the

23   Complaint.

24   34.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

25   Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

26   of the Complaint.

27   35.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

36.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

37.       Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

38.       Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.       Defendants state that the referenced FDA Updates speak for themselves and respectfully refer the Court to the FDA Updates for their actual language and text. Any attempt to characterize the FDA Updates is denied. Defendants state that Bextra® and Celebrex® were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and are safe and effective when used in accordance with their FDA-approved prescribing

2    information. Defendants state that the potential effects of Bextra® and Celebrex® were and are

3    adequately described in their FDA-approved prescribing information, which was at all times

4    adequate and comported with applicable standards of care and law. Defendants deny the

5    remaining allegations in this paragraph of the Complaint.

6    40.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

7    used in accordance with their FDA-approved prescribing information. Defendants state that the

8    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law. Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

12   41.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information. Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   42.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

19   on June 12, 2000. Defendants assert that the submission speaks for itself and any attempt to

20   characterize it is denied. Defendants admit that a Medical Officer Review dated September 20,

21   2000, was completed by the FDA. Defendants state that the referenced study speaks for itself

22   and respectfully refer the Court to the study for its actual language and text. Any attempt to

23   characterize the study is denied. Defendants deny the remaining allegations in this paragraph of

24   the Complaint.

25   43.    Defendants state that the referenced article speaks for itself and respectfully refer the

26   Court to the article for its actual language and text. Any attempt to characterize the article is

27   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

28   44.    Defendants state that the referenced study speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-

ANSWER TO COMPLAINT – 3:07-cv-4011-CRB

1    Court to the study for its actual language and text.  Any attempt to characterize the study is

2    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3    paragraph of the Complaint.

4    45.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

5    the Court to the Medical Officer Review for its actual language and text.  Any attempt to

6    characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

7    deny the remaining allegations in this paragraph of the Complaint.

8    46.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

9    hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

10   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

11   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

12   47.    Defendants state that the referenced articles speak for themselves and respectfully refer

13   the Court to the articles for their actual language and text.  Any attempt to characterize the

14   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

15   refer the Court to the study for its actual language and text.  Any attempt to characterize the

16   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17   48.    Defendants state that the referenced article speaks for itself and respectfully refer the

18   Court to the article for its actual language and text.  Any attempt to characterize the article is

19   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

20   paragraph of the Complaint.

21   49.    Defendants state that the referenced articles speak for themselves and respectfully refer

22   the Court to the articles for their actual language and text.  Any attempt to characterize the

23   articles is denied.  Defendants deny the remaining allegations in this paragraph of the

24   Complaint.

25   50.    Defendants state that the referenced article speaks for itself and respectfully refer the

26   Court to the article for its actual language and text.  Any attempt to characterize the article is

27   denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

28   Court to the study for its actual language and text.  Any attempt to characterize the study is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-4011-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2  51.    Defendants state that the referenced Medical Officer Review speaks for itself and

3  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

4  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

5  allegations in this paragraph of the Complaint.

6  52.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

7  Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information

8  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

9  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  53.    Defendants state that the referenced article speaks for itself and respectfully refer the

11  Court to the article for its actual language and text.  Any attempt to characterize the article is

12  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

13  paragraph of the Complaint.

14  54.    Defendants state that the referenced study speaks for itself and respectfully refer the

15  Court to the study for its actual language and text.  Any attempt to characterize the study is

16  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

17  Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information

18  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

19  Defendants deny the remaining allegations in this paragraph of the Complaint.

20  55.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

21  referenced article speaks for itself and respectfully refer the Court to the article for its actual

22  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

23  remaining allegations in this paragraph of the Complaint.

24  56.    Defendants state that the referenced article speaks for itself and respectfully refer the

25  Court to the article for its actual language and text.  Any attempt to characterize the article is

26  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety

27  Monitoring Board" in this paragraph of the Complaint.  Defendants lack knowledge or

28  information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

1   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   57.    Defendants state that the referenced article speaks for itself and respectfully refer the

3   Court to the article for its actual language and text.  Any attempt to characterize the article is

4   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5   58.    Defendants deny the allegations in this paragraph of the Complaint.

6   59.    Defendants state that the referenced article speaks for itself and respectfully refer the

7   Court to the article for its actual language and text.  Any attempt to characterize the article is

8   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9   60.    Defendants state that the referenced article speaks for itself and respectfully refer the

10  Court to the article for its actual language and text.  Any attempt to characterize the article is

11  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  61.    Defendants state that the referenced Medical Officer Review speaks for itself and

13  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

14  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

15  allegations in this paragraph of the Complaint.

16  62.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

17  the proper context for the allegations concerning "other Celebrex trials" contained in this

18  paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a

19  belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in

20  this paragraph of the Complaint regarding the PreSAP study, Defendants state that the

21  referenced study speaks for itself and respectfully refer the Court to the study for its actual

22  language and text.  Any attempt to characterize the study is denied.  Defendants deny the

23  remaining allegations in this paragraph of the Complaint.

24  63.    Defendants state that the referenced article speaks for itself and respectfully refer the

25  Court to the article for its actual language and text.  Any attempt to characterize the article is

26  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27  64.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

28  Complaint regarding Merck and Vioxx®.  Defendants lack knowledge or information sufficient

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants

2   state that the referenced studies speak for themselves and respectfully refer the Court to the

3   studies for their actual language and text. Any attempt to characterize the studies is denied.

4   Defendants deny the remaining allegations in this paragraph of the Complaint.

5   65.    Defendants state that the referenced Medical Officer Review speaks for itself and

6   respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

7   attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

8   allegations in this paragraph of the Complaint.

9   66.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

10  are not directed toward Defendants, and therefore no response is required. To the extent that a

11  response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

12  this paragraph of the Complaint regarding Vioxx®. Defendants lack knowledge or information

13  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

14  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

15  the study for its actual language and text. Any attempt to characterize the study is denied.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  67.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

18  Complaint are not directed toward Defendants, and therefore no response is required. To the

19  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

20  allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants lack

21  knowledge or information sufficient to form a belief as to the truth of such allegations and,

22  therefore, deny the same. Defendants state that the referenced study speaks for itself and

23  respectfully refer the Court to the study for its actual language and text. Any attempt to

24  characterize the study is denied. Defendants deny the remaining allegations in this paragraph of

25  the Complaint.

26  68.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

27  Complaint are not directed toward Defendants, and therefore no response is required. To the

28  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

70.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

73.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

3    paragraph of the Complaint.

4    74.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

9    paragraph of the Complaint.

10   75.    Defendants deny any wrongful conduct and deny the remaining allegations contained in

11   this paragraph of the Complaint.

12   76.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

17   paragraph of the Complaint.

18   77.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

21   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

22   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

23   were and are adequately described in their FDA-approved prescribing information, which was

24   at all times adequate and comported with applicable standards of care and law.  Defendants

25   deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous,

26   and deny the remaining allegations in this paragraph of the Complaint.

27   78.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

28   Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

November 14, 2000. Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text. Any attempt to characterize the letters is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

79. Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

80. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

81. Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

82. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

83.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.    Defendants state that Plaintiffs' allegations regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

2  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

3  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and

4  deny the allegations in this paragraph of the Complaint.

5  85.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

7  providers who are by law authorized to prescribe drugs in accordance with their approval by the

8  FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

9  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

10  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

11  providers who are by law authorized to prescribe drugs in accordance with their approval by the

12  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

13  in accordance with their FDA-approved prescribing information.  Defendants state that the

14  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.    Defendants deny the remaining allegations in this

17  paragraph of the Complaint.

18  86.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

20  providers who are by law authorized to prescribe drugs in accordance with their approval by the

21  FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

22  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

23  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

24  providers who are by law authorized to prescribe drugs in accordance with their approval by the

25  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

26  in accordance with their FDA-approved prescribing information.  Defendants state that the

27  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

28  approved prescribing information, which at all times was adequate and comported with

1    applicable standards of care and law.  Defendants deny the remaining allegations in this

2    paragraph of the Complaint.

3    87.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4    used in accordance with their FDA-approved prescribing information.  Defendants state that the

5    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8    remaining allegations in this paragraph of the Complaint.

9    88.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

10   used in accordance with their FDA-approved prescribing information.  Defendants state that the

11   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15   89.    Defendants deny the allegations in this paragraph of the Complaint.

16   90.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

17   used in accordance with their FDA-approved prescribing information.  Defendants state that the

18   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19   approved prescribing information, which was at all times adequate and comported with

20   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

21   remaining allegations in this paragraph of the Complaint.

22   91.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

24   Decedents used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

25   and is safe and effective when used in accordance with its FDA-approved prescribing

26   information.  Defendants state that the potential effects of Celebrex® were and are adequately

27   described in its FDA-approved prescribing information, which was at all times adequate and

28   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ANSWER TO COMPLAINT – 3:07-cv-4011-CRB

1    and deny the remaining allegations in this paragraph of the Complaint.

2    92.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

4    Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny any

5    wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    93.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

8    used in accordance with their FDA-approved prescribing information.  Defendants state that the

9    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

10   approved prescribing information, which was at all times adequate and comported with

11   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12   Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of

13   the Complaint.

14   94.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

15   used in accordance with their FDA-approved prescribing information.  Defendants state that the

16   potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-

17   approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19   remaining allegations in this paragraph of the Complaint.

20   95.    Defendants state that the referenced study speaks for itself and respectfully refer the

21   Court to the study for its actual language and text.  Any attempt to characterize the study is

22   denied.  Defendants state that Bextra® and Celebrex® were and are safe and effective when

23   used in accordance with their FDA-approved prescribing information.  Defendants state that the

24   potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint.

28   96.    Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    97.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

4    Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

5    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

6    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

7    and Celebrex® are and were adequately described in their FDA-approved prescribing

8    information, which was at all times adequate and comported with applicable standards of care

9    and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

10   paragraph of the Complaint.

11   98.    Defendants state that, as stated in the FDA-approved labeling for Bextra®, "[t]he

12   mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily

13   through inhibition of cyclooxygenase-2 (COX-2).  At therapeutic plasma concentrations in

14   humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendants state that

15   Bextra® was and is safe and effective when used in accordance with its FDA-approved

16   prescribing information.  Plaintiffs do not allege that Plaintiffs or Decedents used Celebrex® in

17   this Complaint.  Nevertheless, Defendants state that Celebrex® was and is safe and effective

18   when used in accordance with its FDA-approved prescribing information.  Defendants state that

19   Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

20   Complaint regarding Vioxx®, aspirin, and ibuprofen.  Defendants therefore lack knowledge or

21   information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

22   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23   99.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

24   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

25   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

26   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that, during

27   certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United

28   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    accordance with their approval by the FDA.  Defendants admit that, during certain periods of

2    time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

3    co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

4    providers who are by law authorized to prescribe drugs in accordance with their approval by the

5    FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

7    this paragraph of the Complaint.

8    100.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

9    steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that, as stated in the FDA-

10   approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of

11   prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At

12   therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1

13   (COX-1)."  Defendants deny the remaining allegations in this paragraph of the Complaint.

14   101.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   102.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

21   used in accordance with their FDA-approved prescribing information.  Defendants state that the

22   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25   remaining allegations in this paragraph of the Complaint.

26   103.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

27   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

28   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® was and is adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

104.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

107.     Defendants state that the referenced studies speak for themselves and respectfully refer

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Decedents used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was

2    and is safe and effective when used in accordance with its FDA-approved prescribing

3    information.  Defendants state that the potential effects of Bextra® were and are adequately

4    described in its FDA-approved prescribing information, which was at all times adequate and

5    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

6    and deny the remaining allegations in this paragraph of the Complaint.

7                    **Response to First Cause of Action: Negligence**

8    111.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

9    Complaint as if fully set forth herein.

10   112.    Defendants state that this paragraph of the Complaint contains legal contentions to

11   which no response is required.  To the extent that a response is deemed required, Defendants

12   admit that they had duties as are imposed by law but deny having breached such duties.

13   Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

14   accordance with their FDA-approved prescribing information.  Defendants state that the

15   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19   113.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is required.  To the extent that a response is deemed required, Defendants

21   admit that they had duties as are imposed by law but deny having breached such duties.

22   Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

23   accordance with their FDA-approved prescribing information.  Defendants state that the

24   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint.

28   114.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-30-

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

ANSWER TO COMPLAINT – 3:07-cv-4011-CRB

and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

121.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Celebrex® in the United States to be prescribed by healthcare providers who are by law

2    authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state

3    that, in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers

4    without substantial change from the time of sale. Defendants deny the remaining allegations in

5    this paragraph of the Complaint.

6    123.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

7    used in accordance with their FDA-approved prescribing information. Defendants state that the

8    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law. Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

12   124.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

13   used in accordance with their FDA-approved prescribing information. Defendants state that the

14   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law. Defendants deny that Bextra® or Celebrex® is defective

17   or unreasonably dangerous and deny the remaining allegations in this paragraph of the

18   Complaint.

19   125.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

20   used in accordance with their FDA-approved prescribing information. Defendants state that the

21   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

22   approved prescribing information, which was at all times adequate and comported with

23   applicable standards of care and law. Defendants deny that Bextra® and Celebrex® are

24   defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the

25   Complaint, including all subparts.

26   126.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

28   Decedents used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-35-

ANSWER TO COMPLAINT – 3:07-cv-4011-CRB

1    Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

2    of the Complaint.

3    134.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

4    Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

5    of the Complaint.

6    135.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

7    Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

8    of the Complaint.

9              **Response to Third Cause of Action: Breach of Express Warranty**

10   136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

11   Complaint as if fully set forth herein.

12   137.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

14   Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

15   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

16   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

17   and Celebrex® were and are adequately described in their FDA-approved prescribing

18   information, which was at all times adequate and comported with applicable standards of care

19   and law.    Defendants admit that they provided FDA-approved prescribing information

20   regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   138.    Defendants admit that they provided FDA-approved prescribing information regarding

23   Bextra® and Celebrex®.  Defendants deny the remaining allegations in this paragraph of the

24   Complaint.

25   139.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

26   used in accordance with their FDA-approved prescribing information.  Defendants state that the

27   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

28   approved prescribing information, which was at all times adequate and comported with

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1 applicable standards of care and law.  Defendants deny the remaining allegations in this

2 paragraph of the Complaint.

3 140.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4 used in accordance with their FDA-approved prescribing information.  Defendants state that the

5 potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6 approved prescribing information, which was at all times adequate and comported with

7 applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8 remaining allegations in this paragraph of the Complaint.

9 141.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

10 used in accordance with their FDA-approved prescribing information.  Defendants state that the

11 potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

12 approved prescribing information, which was at all times adequate and comported with

13 applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14 remaining allegations in this paragraph of the Complaint.

15 142.    Defendants are without knowledge or information sufficient to form a belief as to the

16 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

17 Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

18 Bextra® and Celebrex® were and are safe and effective when used in accordance with their

19 FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

20 and Celebrex® were and are adequately described in their FDA-approved prescribing

21 information, which was at all times adequate and comported with applicable standards of care

22 and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

23 paragraph of the Complaint.

24 143.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25 and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

26 providers who are by law authorized to prescribe drugs in accordance with their approval by the

27 FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

28 manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

2  providers who are by law authorized to prescribe drugs in accordance with their approval by the

3  FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

4  144.   Defendants admit that they provided FDA-approved prescribing information regarding

5  Bextra® and Celebrex®. Defendants deny any wrongful conduct and deny the remaining

6  allegations in this paragraph of the Complaint.

7  145.   Defendants state that Bextra® and Celebrex® were and are safe and effective when

8  used in accordance with their FDA-approved prescribing information. Defendants state that the

9  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

12  remaining allegations in this paragraph of the Complaint.

13  146.   Defendants state that Bextra® and Celebrex® were and are safe and effective when

14  used in accordance with their FDA-approved prescribing information. Defendants state that the

15  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

18  remaining allegations in this paragraph of the Complaint.

19  147.   Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

21  Decedents used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that

22  the potential effects of Bextra® and Celebrex® were and are adequately described in their

23  FDA-approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law. Defendants admit that they provided FDA-approved

25  prescribing information regarding Bextra® and Celebrex®. Defendants deny the remaining

26  allegations in this paragraph of the Complaint.

27  148.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

28  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

of the Complaint.

149.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

150.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

151.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

152.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants deny the remaining allegations in this paragraph of the Complaint.

153.   Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.   Defendants deny the remaining allegations in this paragraph of the Complaint.

154.   Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    approved prescribing information, which was at all times adequate and comported with

2    applicable standards of care and law.  Defendants deny the remaining allegations in this

3    paragraph of the Complaint.

4    155.    Defendants state that this paragraph of the Complaint contains legal contentions to

5    which no response is required.  To the extent that a response is deemed required, Defendants

6    state that Bextra® and Celebrex® were and are safe and effective when used in accordance

7    with their FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing

9    information, which was at all times adequate and comported with applicable standards of care

10   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

11   paragraph of the Complaint.

12   156.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

14   Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

15   Celebrex® is a prescription medication which is approved by the FDA for the following

16   indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs

17   and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults;

18   (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous

19   colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g.,

20   endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

21   spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

22   patients two years of age and older.  Defendants admit, as indicated in the package insert

23   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

24   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

25   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26   157.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

28   Decedents used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-40-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

2  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

3  and Celebrex® were and are adequately described in their FDA-approved prescribing

4  information, which was at all times adequate and comported with applicable standards of care

5  and law.    Defendants admit that they provided FDA-approved prescribing information

6  regarding Bextra® and Celebrex®.    Defendants deny the remaining allegations in this

7  paragraph of the Complaint.

8  158.    Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

10  Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that,

11  in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers

12  without substantial change from the time of sale.  Defendants deny the remaining allegations in

13  this paragraph of the Complaint.

14  159.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

16  Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

17  Bextra® and Celebrex® were and are safe and effective when used in accordance with their

18  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

19  and Celebrex® were and are adequately described in their FDA-approved prescribing

20  information, which was at all times adequate and comported with applicable standards of care

21  and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and

22  deny the remaining allegations in this paragraph of the Complaint.

23  160.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

24  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

25  of the Complaint.

26  161.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

27  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

28  of the Complaint.

1    162.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

2    Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

3    of the Complaint.

4    **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

5    163.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

6    Complaint as if fully set forth herein.

7    164.    Defendants state that this paragraph of the Complaint contains legal contentions to

8    which no response is required.  To the extent that a response is deemed required, Defendants

9    admit that they had duties as are imposed by law but deny having breached such duties.

10    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

11    accordance with their FDA-approved prescribing information.  Defendants state that the

12    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

13    approved prescribing information, which was at all times adequate and comported with

14    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

15    remaining allegations in this paragraph of the Complaint.

16    165.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

17    used in accordance with their FDA-approved prescribing information.  Defendants state that the

18    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19    approved prescribing information, which was at all times adequate and comported with

20    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

21    remaining allegations in this paragraph of the Complaint.

22    166.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

23    used in accordance with their FDA-approved prescribing information.  Defendants state that the

24    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

25    approved prescribing information, which was at all times adequate and comported with

26    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27    remaining allegations in this paragraph of the Complaint.

28    167.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-4011-CRB

used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

168.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

169.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

170.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

171.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

172. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

173. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

174. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

2   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

3   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

4   and Celebrex® were and are adequately described in their FDA-approved prescribing

5   information, which was at all times adequate and comported with applicable standards of care

6   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

7   paragraph of the Complaint.

8   175.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

10   Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

11   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

12   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

13   and Celebrex® were and are adequately described in their FDA-approved prescribing

14   information, which was at all times adequate and comported with applicable standards of care

15   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

16   paragraph of the Complaint.

17   176.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

19   Decedents used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that

20   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

21   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

22   and Celebrex® were and are adequately described in their FDA-approved prescribing

23   information, which was at all times adequate and comported with applicable standards of care

24   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25   paragraph of the Complaint.

26   177.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

27   Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

28   of the Complaint.

178.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

179.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Unjust Enrichment

180.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

181.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants deny the remaining allegations in this paragraph of the Complaint.

182.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

183.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

184.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same.   Defendants state that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

185.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

186.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action:

### Violations of State Consumer Fraud and Deceptive Trade Practices Acts

187.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

188.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

189.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

2    Bextra® and Celebrex® were and are safe and effective when used in accordance with their

3    FDA-approved prescribing information. Defendants state that the potential effects of

4    Celebrex® were and are adequately described in their FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    190.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

10   Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

11   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

12   FDA-approved prescribing information. Defendants state that the potential effects of

13   Celebrex® were and are adequately described in their FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or

16   Decedents injury or damage, and deny the remaining allegations in this paragraph of the

17   Complaint.

18   191.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

20   Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants deny the

21   remaining allegations in this paragraph of the Complaint.

22   192.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

24   Decedents used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that

25   Bextra® and Celebrex® were and are safe and effective when used in accordance with their

26   FDA-approved prescribing information. Defendants state that the potential effects of

27   Celebrex® were and are adequately described in their FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2  the Complaint.

3  193.   Defendants state that this paragraph of the Complaint contains legal contentions to

4  which no response is required.  To the extent that a response is deemed required, Defendants

5  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

6  Complaint.

7  194.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

8  Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

9  of the Complaint.

10 195.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

11 Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

12 of the Complaint.

13 196.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

14 Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

15 of the Complaint.

16 197.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

17 Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

18 of the Complaint.

19 198.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

20 Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph

21 of the Complaint.

22 **Response to Eighth Cause of Action: Wrongful Death**

23 199.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24 Complaint as if fully set forth herein.

25 200.   Defendants are without knowledge or information sufficient to form a belief as to the

26 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27 Decedents used Bextra® and, therefore, deny the same.  Defendants deny any wrongful

28 conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and

1    deny the remaining allegations in this paragraph of the Complaint.

2    201.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint the relationship of the named

4    individuals to Decedent, and, therefore, deny the same.  Defendants state that Bextra® and

5    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

6    prescribing information.  Defendants state that the potential effects of Celebrex® were and are

7    adequately described in their FDA-approved prescribing information, which was at all times

8    adequate and comported with applicable standards of care and law.  Defendants deny any

9    wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or

10   damage, and deny the remaining allegations in this paragraph of the Complaint.

11   202.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint the relationship of the named

13   individuals to Decedent, and, therefore, deny the same.  Defendants state that Bextra® and

14   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

15   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

16   adequately described in their FDA-approved prescribing information, which was at all times

17   adequate and comported with applicable standards of care and law.  Defendants deny any

18   wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or

19   damage, and deny the remaining allegations in this paragraph of the Complaint.

20   203.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint the relationship of the named

22   individuals to Decedent, and, therefore, deny the same.  Defendants state that Bextra® and

23   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

24   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

25   adequately described in their FDA-approved prescribing information, which was at all times

26   adequate and comported with applicable standards of care and law.  Defendants deny any

27   wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or

28   damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

204.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer For Relief

Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Bextra® and Celebrex® are prescription medical products. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® and Celebrex® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

instructions for the drugs in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® and Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drugs were manufactured, marketed and distributed.

**Fifth Defense**

5.     Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.     Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.     Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedents were contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiffs' damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs and Decedents were not caused by Bextra® or Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Eleventh Defense

2    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs and

3    Decedents.

4

### Twelfth Defense

5    12.    A manufacturer has no duty to warn patients or the general public of any risk,

6    contraindication, or adverse effect associated with the use of a prescription medical product.

7    Rather, the law requires that all such warnings and appropriate information be given to the

8    prescribing physician and the medical profession, which act as a "learned intermediary" in

9    determining the use of the product.  Bextra® and Celebrex® are prescription medical products,

10   available only on the order of a licensed physician.  Bextra® and Celebrex® provided adequate

11   warnings to Plaintiffs' and Decedents' treating and prescribing physicians.

12

### Thirteenth Defense

13   13.    The products at issue were not in a defective condition or unreasonably dangerous at

14   the time they left the control of the manufacturer or seller.

15

### Fourteenth Defense

16   14.    Bextra® and Celebrex® were at all times material to the Complaint reasonably safe

17   and reasonably fit for their intended use and the warnings and instructions accompanying

18   Bextra® and Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were

19   legally adequate for their approved usages.

20

### Fifteenth Defense

21   15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

22   Bextra® and Celebrex® allegedly ingested by Plaintiffs and Decedents were prepared in

23   accordance with the applicable standard of care.

24

### Sixteenth Defense

25   16.    Plaintiffs' and Decedents' alleged injuries/damages, if any, were the result of misuse or

26   abnormal use of the products Bextra® and Celebrex® after the products left the control of

27   Defendants and any liability of Defendants is therefore barred.

28

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventeenth Defense**

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiffs' and Decedents' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra® and Celebrex®.

**Nineteenth Defense**

19.     Plaintiffs and Decedents knew or should have known of any risk associated with Bextra® and Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical products at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical products referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical products at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiffs' claims are barred in whole or in part because there is no private right of

1  action concerning matters regulated by the Food and Drug Administration under applicable

2  federal laws, regulations, and rules.

3  **Twenty-fifth Defense**

4  25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

5  "direction or warnings" as to the use of the subject pharmaceutical products within the meaning

6  of Comment j to Section 402A of the Restatement (Second) of Torts.

7  **Twenty-sixth Defense**

8  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

9  because Bextra® and Celebrex® are prescription pharmaceutical drugs and fall within the

10  ambit of Restatement (Second) of Torts § 402A, Comment k.

11  **Twenty-seventh Defense**

12  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

13  products at issue "provide[] net benefits for a class of patients" within the meaning of Comment

14  f to § 6 of the Restatement (Third) of Torts: Products Liability.

15  **Twenty-eighth Defense**

16  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

17  Products Liability.

18  **Twenty-ninth Defense**

19  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to

20  plead facts sufficient under the law to justify an award of punitive damages.

21  **Thirtieth Defense**

22  30.    Defendants affirmatively aver that the imposition of punitive damages in this case

23  would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

24  the United States Constitution and the Constitutions of the States of Mississippi, Connecticut,

25  Missouri, Utah, Texas, New York, Washington, and California, and would additionally violate

26  Defendants' rights to substantive due process under the Fourteenth Amendment of the United

27  States Constitution.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

**Thirty-first Defense**

2  31.      Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

3  Fourteenth Amendments to the United States Constitution.

4

**Thirty-second Defense**

5  32.      The imposition of punitive damages in this case would violate the First Amendment to

6  the United States Constitution.

7

**Thirty-third Defense**

8  33.      Plaintiffs' punitive damage claims are preempted by federal law.

9

**Thirty-fourth Defense**

10  34.      In the event that reliance was placed upon Defendants' nonconformance to an express

11  representation, this action is barred as there was no reliance upon representations, if any, of

12  Defendants.

13

**Thirty-fifth Defense**

14  35.      Plaintiffs and Decedents failed to provide Defendants with timely notice of any alleged

15  nonconformance to any express representation.

16

**Thirty-sixth Defense**

17  36.      To the extent that Plaintiffs' claims are based on a theory providing for liability without

18  proof of causation, the claims violate Defendants' rights under the United States Constitution.

19

**Thirty-seventh Defense**

20  37.      Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any,

21  and labeling with respect to the subject pharmaceutical products were not false or misleading

22  and, therefore, constitute protected commercial speech under the applicable provisions of the

23  United States Constitution.

24

**Thirty-eighth Defense**

25  38.      To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

26  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

27  law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

28  protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-56-

Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States Texas, Connecticut, Utah, Mississippi, Missouri, New York, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs and Decedents; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and Decedents and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra® and Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the products' use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the products were marketed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fortieth Defense

2    40.    The claims asserted in the Complaint are barred because Bextra® and Celebrex® were

3    designed, tested, manufactured and labeled in accordance with the state-of-the-art industry

4    standards existing at the time of the sale.

5

### Forty-first Defense

6    41.    If Plaintiffs or Decedents have sustained injuries or losses as alleged in the Complaint,

7    upon information and belief, such injuries and losses were caused by the actions of persons not

8    having real or apparent authority to take said actions on behalf of Defendants and over whom

9    Defendants had no control and for whom Defendants may not be held accountable.

10

### Forty-second Defense

11    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

12    and Celebrex® were not unreasonably dangerous or defective, were suitable for the purpose for

13    which they were intended, and were distributed with adequate and sufficient warnings.

14

### Forty-third Defense

15    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

16    waiver, and/or estoppel.

17

### Forty-fourth Defense

18    44.    Plaintiffs' claims are barred because Plaintiffs' and Decedents' injuries, if any, were the

19    result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

20    diseases or illnesses, subsequent medical conditions or natural courses of conditions of

21    Plaintiffs and Decedents, and were independent of or far removed from Defendants' conduct.

22

### Forty-fifth Defense

23    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

24    and Celebrex® did not proximately cause injuries or damages to Plaintiffs and Decedents.

25

### Forty-sixth Defense

26    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

27    and Decedents did not incur any ascertainable loss as a result of Defendants' conduct.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the products complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs and Decedents would have taken Bextra® and Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® and Celebrex® outweighed their risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedents.

### Fifty-second Defense

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

and Celebrex® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra® and Celebrex®. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs or Decedents were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants. Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred. Any claim for punitive damages is also barred under California Civil Code § 3294(b).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Fifty-eighth Defense**

2    58.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs'

3    claims are barred because Defendants did not make or breach any express or implied

4    warranties, Plaintiffs and Decedents failed to give reasonable notice to Defendants of any

5    alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

6

**Fifty-ninth Defense**

7    59.    Any verdict or judgment rendered against Defendants must be reduced under the laws

8    of the State of Mississippi by those amounts which have been, or will, with reasonable

9    certainty, replace or indemnify Plaintiffs and Decedents, such as insurance, social security,

10   worker's compensation, or employee benefits programs.  Plaintiffs and Decedents may have

11   settled their claims for alleged injuries and damages with certain parties.  Defendants therefore

12   are, in any event, entitled to a credit in the amount of any such settlement heretofore made

13   between Plaintiffs or Decedents and any such parties.

14

**Sixtieth Defense**

15   60.    Plaintiffs' claims for punitive damages are limited or barred by the standards

16   governing exemplary damage awards which arise under the United States Constitution and

17   decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S.

18   1589 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001);

19   and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi

20   Constitution, statutes, and decisions of Mississippi courts.

21

**Sixty-first Defense**

22   61.    Defendants assert that Plaintiffs' claim for punitive damages is governed and limited

23   by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the

24   same.

25

**Sixty-second Defense**

26   62.    Bextra® and Celebrex® and the Defendants' actions conformed to the state of the art

27   medical and scientific knowledge at all times relevant to this lawsuit and Bextra® and

28   Celebrex® complied with applicable product safety statutes and regulations as described in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Restatement (Third) of Torts: Products Liability § 4.

**Sixty-third Defense**

63.     Defendants satisfied their duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

**Sixty-fourth Defense**

64.     Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

**Sixty-fifth Defense**

65.     Plaintiffs failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendants in any possible future litigation.

**Sixty-sixth Defense**

66.     Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

**Sixty-seventh Defense**

67.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical products at issue "provide[] net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Sixty-eighth Defense**

68.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any award of punitive damages is barred.

**Sixty-ninth Defense**

69.     Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventieth Defense**

70.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 82.007.

**Seventy-first Defense**

71.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 82.003.

**Seventy-second Defense**

72.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

**Seventy-third Defense**

73.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, Defendants, and responsible third-party that may be joined in the suit.

**Seventy-fourth Defense**

74.    If Plaintiffs settle with any other person or entity, then Defendants reserve the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

**Seventy-fifth Defense**

75.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**Seventy-sixth Defense**

76.    Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

**Seventy-seventh Defense**

77.    Plaintiffs' claims are barred by Plaintiffs' and Decedents' failure to comply with conditions precedent to the right to recover.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Seventy-eighth Defense

78.    Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent. Plaintiffs and Decedents were informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Plaintiffs and Decedents gave informed consent to the prescribing physicians before taking Bextra® and Celebrex®, alone or in combination with any other drug(s).

### Seventy-ninth Defense

79.    The duty to obtain Plaintiffs' and Decedents' informed consent prior to prescribing Bextra® and Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

### Eightieth Defense

80.    Plaintiffs may not assert a claim against Defendants for negligent misrepresentation as Plaintiffs and Decedents did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendants.

### Eighty-first Defense

81.    Plaintiffs' claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendants.

### Eighty-second Defense

82.    Plaintiffs' claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material facts.

### Eighty-third Defense

83.    Plaintiffs' claims for breach of warranty are barred in whole or in part by the Defendants' disclaimers.

### Eighty-fourth Defense

84.    Plaintiffs' claims for breach of warranty are barred in whole or in part because they are not in privity with Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eighty-fifth Defense**

85.     Defendants assert the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

**Eighty-sixth Defense**

86.     Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

**Eighty-seventh Defense**

87.     Plaintiffs have failed to allege conduct warranting imposition of punitive damages under Texas law.

**Eighty-eighth Defense**

88.     The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

**Eighty-ninth Defense**

89.     Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

**Ninetieth Defense**

90.     Because of the lack of clear standards, the imposition of punitive damages against Defendants is unconstitutionally vague and/or overbroad.

**Ninety-first Defense**

91.     No act or omission of Defendants was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

**Ninety-second Defense**

92.     Plaintiffs' claims are barred by the limitations and defenses set out in the Missouri Product Liability Act, Mo. Rev. Stat. § 537. 760 *et seq.*, including but not limited to, the "state

of the art" defenses as defined in Mo. Rev. Stat. § 537.764. Defendants incorporate by reference all defenses and/or limitations set forth or referenced in the Missouri Product Liability Act.

### Ninety-third Defense

93.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants. Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not liable in any way. Mo. Rev. Stat. § 537.765.

### Ninety-fourth Defense

94.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Missouri, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Ninety-fifth Defense

95.    Plaintiffs' claims for punitive damages are subject to all provisions of Missouri law.

### Ninety-sixth Defense

96.    Defendants deny that they are liable for any damages in this case. Defendants contend, however, that any damage award to Plaintiffs that utilizes the Missouri joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendants' due process and equal protection guarantees under the United States and Missouri Constitutions. The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates Defendants' due process guarantees because no legitimate state interest supports § 537.067, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Missouri joint and several liability scheme. Additionally, the Missouri system of assessing joint and several liability violates Defendants' equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   unconstitutionally void for vagueness under the United States and Missouri Constitutions.

2   Thus, the scheme is unconstitutional and should not be applied in this action.

3                                    **Ninety-seventh Defense**

4   97.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

5   because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement

6   (Second) of Torts § 402A, Comment k, as construed in *Grunberg v. Upjohn Co.*, 813 P.2d 89

7   (Utah 1991), and the application of Restatement (Third) of Torts:  Products Liability § 6.

8                                    **Ninety-eighth Defense**

9   98.    Plaintiffs' claims are barred by the Utah Product Liability Act, Utah Code Ann. § 78-

10  15-1, *et seq.* and all defenses available thereunder.

11                                   **Ninety-ninth Defense**

12  99.    The imposition of punitive damages pursuant to current Utah law violates the Due

13  Process and Equal Protection provisions of United States Constitution, Amendment XIV; to

14  wit, Defendants have not been given fair notice of the standard of conduct which could subject

15  them to a claim for punitive damages, and have not been given fair notice of the amount of

16  punitive damages that may accompany a finding of liability.  Utah's current laws regarding

17  punitive damages do not serve a rational or legitimate state interest.

18                                   **One hundredth Defense**

19  100.   Defendants preserve any and all defenses to Plaintiffs' claims for punitive damages

20  including all defenses arising under the Constitution of the United States, and the Utah

21  Constitution and Utah Code Ann. § 78-18-2.

22                                   **One hundred first Defense**

23  101.   Plaintiffs' claims for punitive damages are limited or barred by the standards

24  governing exemplary damages awards which arise under the United States Constitution and

25  decisions of the United States Supreme Court including, but not limited to: *BMW of North*

26  *America v. Gore,* 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group,*

27  *Inc.,* 532 U.S. 424 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408

28  (2003).  Further, Plaintiffs' claims for punitive damages are limited or barred by the standards

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

governing exemplary damages, which arise under the Constitution of Utah, Utah state statutes, and the decisions of Utah state courts.

### One hundred second Defense

102.    Defendants preserve any and all defenses to Plaintiffs' claims for punitive damages including all defenses arising under the Constitution of the United States, and the Utah Constitution and Utah Code Ann. § 78-18-2.

### One hundred third Defense

103.    Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs and Decedents.  Additionally, as a manufacturer and not a seller, Defendants are not subject to liability for implied warranties without privity, *i.e.*, proof of direct and specific transactions between Plaintiffs or Decedents and Defendants.  If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs and Decedents failed to give timely notice of any breach thereof as required under Utah Code Ann. § 70A-2-607(3)(a).

### One hundred fourth Defense

104.    The liability of Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendants are not liable to Plaintiffs for any amount in excess of the proportion of fault attributed to Defendants, if any, under Utah Code Ann. §§ 78-27-38-40. Defendants hereby request that the jury find separate, special verdicts determining the total amount of damages sustained, if any, and a percentage or proportion of fault attributable to each person seeking recovery, to Defendants, and to any other person whether joined as a party to this action or not and whose identity is known or unknown to the parties to this action, including a person immune from suit who may have contributed to Plaintiffs' and Decedents' alleged injuries.  Defendants hereby reserve their right under Utah Code Ann. § 78-27-41(4) to seek allocation of fault to nonparties at such time as Defendants obtain information that any such party may be at fault for all or any of the injuries alleged in the complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### One hundred fifth Defense

105.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### One hundred sixth Defense

106.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72 et seq., and specially aver that Plaintiff's common law claims are preempted by the statute and must be dismissed.

### One hundred seventh Defense

107.    In the event Plaintiffs recover a verdict or judgment against Defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c), and/or other applicable State or Commonwealth statutes, by those amounts which have, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed medical expenses or other such economic loss, paid from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### One hundred eighth Defense

108.    In accordance with CPLR 1601 et seq., and/or other applicable State or Commonwealth statutes, the liability of Defendants, if any, to Plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiffs could have obtained personal jurisdiction with due diligence.

### One hundred ninth Defense

109.    In accordance with General Obligations Law 15-108, if Plaintiffs or Decedents executed a release or a covenant not to sue for a tortfeasor in this action, Plaintiffs' damage claim against Defendants is reduced to the extent of any amount stipulated by the release or covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR 1401 et seq., whichever is greatest.

1

**One hundred tenth Defense**

2   110.    The conduct of Defendants and all activities with respect to the subject products were

3   fair and truthful based upon the knowledge existing at the relevant time alleged in the

4   Complaint.  Therefore, Plaintiffs' claims under New York Business Corporation Law § 349 are

5   barred.

6

**One hundred eleventh Defense**

7   111.    Defendants reserve the right to supplement their assertion of defenses as they continue

8   with their factual investigation of Plaintiffs' claims.

9

**V.**

10

**PRAYER**

11   WHEREFORE, Defendants pray for judgment as follows:

12   1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

13   2.    That the Complaint be dismissed;

14   3.    That Defendants be awarded their costs for this lawsuit;

15   4.    That the trier of fact determine what percentage of the combined fault or other liability

16        of all persons whose fault or other liability proximately caused Plaintiffs' and

17        Decedents' alleged injuries, losses or damages is attributable to each person;

18   5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

19        than an amount which equals their proportionate share, if any, of the total fault or other

20        liability which proximately caused Plaintiffs' and Decedents' injuries and damages; and

21   6.    That Defendants have such other and further relief as the Court deems appropriate.

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    November 13, 2007                          GORDON & REES LLP

2

3                                               By: :_____/s/_____

4                                               Stuart M. Gordon
                                                sgordon@gordonrees.com
5                                               Embarcadero Center West
                                                275 Battery Street, 20th Floor
6                                               San Francisco, CA 94111
                                                Telephone: (415) 986-5900
7                                               Fax: (415) 986-8054

8
     November 13, 2007                          TUCKER ELLIS & WEST LLP
9

10

11                                              By: :_____/s/_____

12                                              Michael C. Zellers
                                                michael.zellers@tuckerellis.com
13                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA 90071
14                                              Telephone: (213) 430-3400
                                                Fax: (213) 430-3409
15
                                                Attorneys for Defendants
16                                              PFIZER INC, PHARMACIA
                                                CORPORATION, and G.D. SEARLE
17                                              LLC

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-4011-CRB

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

November 13, 2007                                    GORDON & REES LLP


By: :_____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054

November 13, 2007                                    TUCKER ELLIS & WEST LLP


By:_____/s/_____
Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone:  (213) 430-3400
Fax:  (213) 430-3409

Attorneys for Defendants
PFIZER INC, PHARMACIA
CORPORATION, and G.D. SEARLE
LLC